IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Malik Cornell Prior,<br><br>    Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CV 10-225-TUC-RCC (BPV)<br><br>**REPORT AND RECOMMENDATION** |

On April 21, 2010, Petitioner Malik Cornell Prior, presently confined in the Arizona State Prison Complex-Eyman, Rynning Unit, in Florence, Arizona, filed a *pro se* Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (Doc. 1), which was dismissed with leave to amend (Doc. 3) On June 3, 2010, a first amended petition was filed (Doc. 5 - ("Petition")). Respondents have filed an answer to the petition ("Answer") with exhibits A through H attached.  (Doc. 10.)  Petitioner did not file a reply.

Pursuant to this Court's directive, Respondents filed a supplemental answer on May 27, 2011, with Exhibit I through R attached ("Supplemental Answer"). (Doc. 16) Petitioner did not file a supplemental reply.

Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Bernardo P. Velasco for a Report and Recommendation.

For the reasons discussed below, the Magistrate Judge recommends that the District Court enter an order DENYING the Petition.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

### a.   Conviction and Direct Appeal

Petitioner was indicted on three counts of sexual assault, two counts of kidnapping, one count of aggravated assault, and two counts of residential burglary based for three incidents involving adult victims, as well as residential burglary, kidnapping, molestation, sexual conduct with a minor, sexual assault, and assault based on an incident involving a minor victim. (Supplemental Answer, Ex. I) The counts involving the minor victim were severed before trial. (Answer, Ex. A, at 4)[1]

A jury found Petitioner guilty of three counts of sexual assault, class two felonies; two counts of kidnapping, class two felonies; and burglary of a residential structure, a class three felony. (Answer, Ex. A, at 1; Supplemental Answer, Ex. J, at 22-23, Ex. K) The trial court sentenced Petitioner to aggravated, maximum prison terms of fourteen years each for each count of sexual assault, ten years for each count of kidnapping, and seven years for the count of burglary, and ordered the aggravated sentences to be served consecutively. (Supplemental Answer, Ex. J, at 38-39, Ex. K)

Petitioner filed a direct appeal of his conviction and sentence raising three grounds for relief: (1) The trial court committed reversible error in denying the motion to sever the charges as to the adult victims; (2) The court committed reversible error in denying Petitioner's motion pursuant to Rule 404(b); and (3) Petitioner is entitled to be resentenced under *Blakely*[2]. (Answer, Ex. B.) The Court of Appeals affirmed the convictions and sentences by memorandum decision dated June 26, 2007, and the mandate issued on August 22, 2007. (Answer, Ex's. A, C.)

//
//
//

---

[1] The Arizona Court of Appeals summarized the facts of Petitioner's case.

[2] *Blakely v. Washington*, 542 U.S. 296 (2004).

### b. First Petition for Post-Conviction Relief

Petitioner filed a notice of post-conviction relief on July 23, 2007, and a petition on May 19, 2008. The petition was filed on May 8, 2008, raising one issue for review: Did the trial court err when it failed to poll the entire jury regarding statements made by one juror regarding any possible taint the juror may have had on the panel? (Answer, Ex. E) The trial court first found the issue precluded under Rule 32.2(a)(3), and second, found the claim lacked merit, and dismissed the petition. (Answer, Ex. F) The Court of Appeals address Petitioner's petition for review on March 11, 2009, granting review, but denying relief, finding the claim precluded and finding it unnecessary to address the alternative ruling on the merits. (Answer, Ex. G) The mandate issued on April 30, 2009.

### c. Federal Habeas Petition

Petitioner filed his first federal habeas petition on April 21, 2010, raising three grounds for relief: (1) the trial court committed reversible error in denying Petitioner's motion to sever the charges as to the adult victims; (2) the trial court committed reversible error in denying Petitioner's motion pursuant to Rule 404(b) of the Arizona Rules of Evidence; and (3) *Blakely v. Washington* entitles Petitioner to re-sentencing. (Doc. 1) The District Court dismissed the petition with leave to amend, stating Petitioner failed to allege that his conviction or sentence violated the Constitution, laws or treaties of the United States. (Doc. 3)

Petitioner filed an amended petition on June 3, 2010, raising four grounds for relief: (1) Petitioner's Fifth, Sixth, and Fourteenth Amendment rights were violated when the trial court denied Petitioner's motion to sever the charges involving three adult victims; (2) Petitioner's Fifth, Sixth, and Fourteenth Amendment rights were violated when the trial court admitted evidence of a separate crime;  (3) Petitioner's Fifth, Sixth, Eighth, and Fourteenth Amendment rights were violated when he was sentenced based on aggravating factors not determined by a jury; and (4)   Petitioner's Fifth, Sixth, and Fourteenth Amendment were violated when the trial court failed to poll the entire jury regarding prejudicial statements made by one juror. (Doc. 5) The District Court reviewed

the Petition and called for an answer from Respondents. (Doc. 6) Respondents submit that the Petition is untimely and should be dismissed. (Answer, p.4-10) Alternatively, Respondents argue that the first, second and fourth claims are procedurally defaulted; that the second claim is non-cognizable in these proceedings because it concerns only issues of state evidentiary law, and that the state courts' rulings denying relief on petitioner's *Blakely* claim are neither contrary to, nor involve an unreasonable application of, clearly established federal constitutional law as announced by the United States Supreme Court. (Answer, at 10-15; Supplemental Answer, at 9-11)

## II. DISCUSSION

### a. Standard of Review

Because Petitioner filed his petition after April 24, 1996, this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(d) ("AEDPA").

### b. Statute of Limitations

A one year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. 28 U.S.C. § 2244(d)(1).

Under the AEDPA, a state prisoner must generally file a petition for writ of habeas corpus within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review [.]" 28 U.S.C. § 2244(d)(1)(A). "The time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation[.]" 28 U.S.C. § 2244(d)(2).

The running of this one-year statute of limitations on habeas petitions for state convictions is tolled during any period when "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" in any state court. *See* 28 U.S.C. § 2244(d)(2). Thus, the statute of limitations is tolled during the pendency of a state court action for post-conviction relief. 28 U.S.C.

§ 2244(d)(2).

An application contemplated by section 2244(d)(2) is properly filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (footnote omitted). The United States Supreme Court has held that untimely state post-conviction petitions are not "properly filed" under AEDPA, and do not toll AEDPA's statute of limitations. *Pace v. DiGuglielmo*, 544 U.S. 408 (2005).

The AEDPA's limitations period is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 130 S.Ct.2549 (2010). A petitioner is entitled to equitable tolling only upon a showing of (1) a diligent pursuit of petitioner's rights; and (2) extraordinary circumstances that stood in petitioner's way, preventing timely filing. *Id.* (citing *Pace*, 544 U.S. at 418)  Tolling is appropriate when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Id.*; *see* also, *Miranda v. Castro*, 292 F.3d 1063, 1067 (9th Cir. 2002)(stating that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.") (citations omitted); *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999). The extraordinary circumstances requirement is a "high hurdle," *see Calderon v. United States Dist.Court (Beeler)*, 128 F.3d 1283, 1289, *overruled on other grounds by Calderon v. Kelly*, 163 F.3d 530 (9th Cir. 1997), and policy considerations counsel against equitable tolling. *Mohasco Corp. v. Silver*, 447 U.S. 807 (1980). A petitioner seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418 (2005). Petitioner must also establish a "causal connection" between the extraordinary

- 5 -

circumstance and his failure to file a timely petition. *Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

### c. Exhaustion of Remedies

Before a federal court may review a petitioner's claims on the merits, a petitioner must exhaust his state remedies, which means he must have presented in state court every claim raised in his federal habeas petition. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (a state prisoner in a federal habeas action must exhaust his federal claims in the state courts "by invoking one complete round of the State's established appellate review process" before he may submit those claims in a federal habeas petition). Exhaustion occurs either when a claim has been fairly presented to the highest state court, *Picard v. Connor*, 404 U.S. 270, 275 (1971), or by establishing that a claim has been procedurally defaulted and that no state remedies remain available, *Reed v. Ross*, 468 U.S. 1, 11 (1984). Exhaustion of state remedies is required in order to give the state the "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal quotation marks and citations omitted).

"To exhaust one's state court remedies in Arizona, a petitioner must first raise the claim in a direct appeal or collaterally attack his conviction in a petition for post-conviction relief pursuant to Rule 32," *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994), and then present his claims to the Arizona Court of Appeals. *See Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999).

To meet the exhaustion requirement, the petitioner must "fairly present" his claim in each appropriate state court by describing the factual or legal bases for that claim and by alerting the state court "to the fact that the ... [petitioner is] asserting claims under the United States Constitution." *Duncan v. Henry*, 513 U.S. 364, 365-366 (1995); *Baldwin*, 541 U.S. at 29; *see also Tamalini v. Stewart*, 249 F.3d 895, 898 (9th Cir. 2001). Mere similarity between a claim raised in state court and a claim in a federal habeas petition is insufficient. *Duncan*, 513 U.S. at 365-366. A petitioner must present both the operative

facts and the federal legal theory on which the claim is based, *see Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003) (overruled on other grounds, *Robbins v. Carey*, 481 F.3d 1143 1149 (9th Cir. 2007)), "broad constitutional principles, such as due process, equal protection, and the right to a fair trial" in state court pleadings are not sufficient to establish that a federal constitutional claim was fairly presented to the state courts. *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005)(internal citations omitted). A petitioner must make the federal basis of a claim explicit either by citing specific provisions of federal law or case, *Lyons v. Crawford,* 232 F.3d 666, 670 (9th Cir. 2000) as amended by 247 F.3d 904 (9th Cir. 2001), or by citing state cases that plainly analyze the federal constitutional claim, *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir.2003) (*en banc*).

### i. Procedural Default

A habeas petitioner's claims may be precluded from federal review in either of two ways. First, a claim may be procedurally defaulted in federal court if it was actually raised in state court but found by that court to be defaulted on state procedural grounds. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). This situation is referred to as "procedural bar" or "procedural default." *See Coleman*, 501 U.S. at 732 ("A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him."). A claim is procedurally defaulted if the state court declined to address the issue on the merits for procedural reasons such as waiver or preclusion. *Ylst v. Nunnemaker*, 501 U.S. 797, 802-805 (1991); *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002). Second, the claim may be procedurally defaulted in federal court if the petitioner failed to present the claim in a necessary state court and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Coleman,* 501 U.S. at 735 n.1; *Smith v. Baldwin*, 510 F.3d 1127, 1138 (9th Cir. 2007) (*en banc*) This is often referred to as "technical" exhaustion, because although the claim was not actually exhausted in state court, the

petitioner no longer has an available state remedy.

### ii. Cause and Prejudice/ Fundamental Miscarriage

If a claim is procedurally defaulted, it may not be considered by a federal court unless the petitioner demonstrates cause and prejudice to excuse the default in state court, or demonstrates that a fundamental miscarriage of justice would result. *Coleman,* 501 U.S. at 750; *Sawyer v. Whitley*, 505 U.S. 333, 338-339 (1992).

Cause is defined as a "legitimate excuse for the default," and prejudice is defined as "actual harm resulting from the alleged constitutional violation." *Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1991); *see Murray v. Carrier*, 477 U.S. 478, 488 (1986) (a showing of cause requires a petitioner to show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule"). Prejudice need not be addressed if a petitioner fails to show cause. *Thomas*, 945 F.2d at 1123 n.10. To bring himself within the narrow class of cases that implicate a fundamental miscarriage of justice, a petitioner "must come forward with sufficient proof of his actual innocence," *Sistrunk v. Armenakis*, 292 F.3d 669, 672-73 (9th Cir. 2002) (internal quotation marks and citations omitted), which can be shown when "a petitioner 'presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id.* at 673 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)).

d.  Standard of Review : Merits

Petitioner's habeas claims are governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA established a "substantially higher threshold for habeas relief" with the "acknowledged purpose of 'reduc[ing] delays in the execution of state and federal criminal sentences.'" *Schriro v. Landrigan*, 550 U.S. 465, 475 (2007) (quoting *Woodford v. Garceau*, 538 U.S. 202, 206 (2003)). The AEDPA's "'highly deferential standard for evaluating state-court rulings' ... demands that state-court decisions be given the benefit of the doubt ." *Woodford v. Visciotti*, 537 U.S. 19, 24

(2002) (*per curiam*) (quoting *Lindh*, 521 U.S. at 333 n. 7).

Under the AEDPA, a petitioner is not entitled to habeas relief on any claim "adjudicated on the merits" by the state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The phrase "adjudicated on the merits" refers to a decision resolving a party's claim which is based on the substance of the claim rather than on a procedural or other non-substantive ground. *Lambert v. Blodgett*, 393 F.3d 943, 969 (9th Cir. 2004). The relevant state court decision is the last reasoned state decision regarding a claim. *Barker v. Fleming*, 423 F.3d 1085, 1091 (9th Cir. 2005) (citing *Ylst,* 501 U.S. at 803-04); *Insyxiengmay v. Morgan*, 403 F.3d 657, 664 (9th Cir. 2005).

"The threshold question under AEDPA is whether [the petitioner] seeks to apply a rule of law that was clearly established at the time his state-court conviction became final." *Williams v. Taylor*, 529 U.S. 362, 390 (2000). Therefore, to assess a claim under subsection (d)(1), the Court must first identify the "clearly established Federal law," if any, that governs the sufficiency of the claims on habeas review. "Clearly established" federal law consists of the holdings of the Supreme Court at the time the petitioner's state court conviction became final. *Williams*, 529 U.S. at 365; *see Carey v. Musladin*, 549 U.S. 70, 74 (2006); *Clark v. Murphy*, 331 F.3d 1062, 1069 (9th Cir. 2003). Habeas relief cannot be granted if the Supreme Court has not "broken sufficient legal ground" on a constitutional principle advanced by a petitioner, even if lower federal courts have decided the issue. *Williams*, 529 U.S. at 381; *see Musladin*, 549 U.S. at 76-77; *Casey v. Moore*, 386 F.3d 896, 907 (9th Cir. 2004). Nevertheless, while only Supreme Court

authority is binding, circuit court precedent may be "persuasive" in determining what law is clearly established and whether a state court applied that law unreasonably. *Clark*, 331 F.3d at 1069.

### III. ANALYSIS

####    a. Timeliness

Petitioner had until one year after his conviction and sentence became final to file his federal petition. The Magistrate Judge finds that, pursuant to the AEDPA, the Petition filed in this Court is timely as to all grounds raised in the petition, except Ground Four.

#####          *i.  Date on which conviction and sentence became final*

Under the AEDPA, a state prisoner must generally file a petition for writ of habeas corpus within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review [.]" 28 U.S.C. § 2244(d)(1)(A). On June 26, 2007, the Arizona Court of Appeals denied Petitioner's direct appeal on the merits. (*See* generally Answer, Ex. A) Petitioner did not seek review of that decision. (*Id.*, Ex.C) Petitioner's conviction became final on July 26, 2007, 30 days after his direct appeal was denied by the court of appeals, when the time for filing a petition for review to the Arizona Supreme Court expired. *See* 28 U.S.C. § 2244(d)(1)(A); *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001). Thus, absent tolling, Petitioner had one year, or until July 26, 2008, to file a timely Petition.

#####          *ii.  Statutory Tolling*

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation[.]" 28 U.S.C. § 2244(d)(2). Respondents concede that Petitioner's notice of petition for post-conviction relief, filed on July 23, 2007, tolled AEDPA's timeclock before it began to run. (*See* Answer, p.6) Respondents submit, however, that Petitioner's post-conviction proceedings were no longer pending after the March 11, 2009, when the Arizona Court of Appeals denied relief from the trail

court's denial of post-conviction relief and Petitioner decided to forego review. The Magistrate Judge disagrees.

The court of appeals granted review but denied relief of Petitioner's petition for review from the trial court's denial of his petition for post-conviction relief. In this situation, it is the mandate, issued on April 30, 2009, not the memorandum decision, that concludes the tolling period. *See Celaya v. Stewart*, 691 F.Supp.2d 1046 (D.Ariz. 2010)(For tolling purposes under § 2244(d), state law determines finality, and in instances where a petition for review is granted, but relief denied, a decision of the Arizona Court of Appeals is final upon the issuance of the mandate). Accordingly, Petitioner had until April 30, 2010 to file his federal petition.

Petitioner's first petition, filed on April 21, 2010, was timely. Petitioner, however, raised only three grounds for relief in the petition filed on April 21, 2010, and all three of those claims were dismissed and presented in an amended petition, filed June 3, 2010, after the deadline had expired.

### iii. Relation back

Respondents argue that the Petition filed on June 3, 2010 is untimely. Ordinarily, Respondents would be correct. It is unclear, however, whether Respondents have overlooked the first petition filed on April 21, 2010, or are simply assuming the new claims do not relate back to the previously pleaded claims. Federal Rule of Civil Procedure 15(c) governs amendments to pleadings in habeas proceedings, which are characterized as civil in nature. 28 U.S.C. § 2242. Rule 15(c) instructs: "An amendment of a pleading relates back to the date of the original pleading when ... the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out- or attempted to be set out-in the original pleading." Fed. Rule Civ. P. 15(c).

This Court must examine the amendment to determine if the claims arise "from the same core facts as the timely filed claim" such that they relate back to the original, timely petition. *Mayle v. Felix*, 545 U.S. 644, 657 (2005); *Valdovinos v. McGrath*, 598 F.3d 568, 575 (9th Cir. 2010), *cert granted, judgment vacated*, 131 S.Ct. 1042

(2011)(remanding for further consideration in light of *Harrington v. Richter*, 131 S.Ct. 770 (2011)).

Grounds One, Two and Three are essentially the same three claims raised in the first petition, arising from the same core operative facts as those alleged in the first petition, with the additional allegation that the court committed "reversible error" erred in violation of the "5th, 6th and 14th Amendments" of the United States Constitution (first and second claims), and that Petitioner was sentenced in violation of the "5th, 6th, 8th, and 14th Amendments" of the United States Constitution (third claim). (Compare Grounds One, Two and Three, Doc 1 and Doc. 5)

The Magistrate Judge finds that Grounds One, Two and Three of Petitioner's untimely petition relate back to the original, timely petition, and thus are timely.

The operative facts of Ground Four, however, were not alleged in the first petition. (Compare Doc. 3, Ground Four, with Doc. 1, Ground Four). In fact, Petitioner raised no fourth ground for relief at all in his original petition. Accordingly, the Magistrate Judge finds that this claim does not relate back to the original petition and should be dismissed from the amended petition. *See Mayle*, 545 U.S. at 662 (citing with approval *United States v. Duffus*, 174 F.3d 333, 338 (3rd Cir. 1999)("A prisoner should not be able to assert a claim otherwise barred by the statute of limitations merely because he asserted a separate claim within the limitations period.")).

    *iv.* *Equitable Tolling*

The burden is on Petitioner to demonstrate that equitable tolling should apply in his case. *See Pace*, 544 U.S. at 418, *Spitsyn*, 345 F.3d at 799 (citing *Miranda*, 292 F.3d at 1066). Petitioner raises no grounds for equitable tolling in either his petition, his reply, or his responses to Respondent's notices. Petitioner has not met his burden of showing that there are "extraordinary circumstances" that would have caused the untimely filing of his Petition. "A pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). Accordingly, this Court finds no cause for equitably tolling

the limitations period in this case. The Magistrate Judge recommends that the District Court, after its independent review, dismiss Ground Four as untimely

### b. Grounds One and Two

Petitioner argues that the trial court erred in denying his pretrial motion to sever the charges as to the adult victims, and in denying his motion pursuant to Rule 404(b). Petitioner argues that both of these errors resulted in a violation of his Fifth, Sixth, and Fourteenth Amendment rights.

Respondent argues that these two claims are procedurally defaulted because, in state court proceedings, Petitioner argued only that the trial court had violated state law. (Answer, at 12) Respondents concede that Petitioner, regarding Ground One, at the end of his arguments citing almost exclusively Arizona law, added the phrase "It is submitted that the trial court's refusal to grant a severance as to the adult female victims unduly prejudiced [Petitioner] and thereby denied him his constitutional rights of due process as guaranteed by the Fifth and Fourteenth Amendments to the U.S. Constitution, as well as Article 2, Section 24 of the Arizona Constitution." (Answer, at 12, Ex. B at 20) Similarly, at the end of his argument regarding Ground Two, Petitioner stated that "the [trial] court abused its discretion and denied [Petitioner] his constitutional right to a fair trial." (*See Id.* at 23.) This, however, is precisely the conclusory, "scattershot" type of citation, "divorced from any federal legal theory" the Ninth Circuit found insufficient to fairly present a federal legal claim in *Castillo v. McFadden*, 399 F.3d 993, 1003 (9th Cir. 2005).

Petitioner did not clearly articulate federal law as the basis for the claims raised in state court. (See Answer, Ex. B, at 18-20, 20-22) The Ninth Circuit has reasoned that "a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law." *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000) (opinion amended by *Lyons v. Crawford*, 247 F.3d 904 (9th Cir. 2001) (citing *Shumway v. Payne*, 223 F.3d 982, 987 (9th Cir. 2000)). Further, the court found that a "petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if

the federal basis is "self-evident"," Lyons, 232 F.3d at 668 (citing *Gatlin v. Madding*, 189 F.3d 882, 889 (9th Cir. 1999) (citing *Anderson v. Harless*, 459 U.S. 4, 7 (1982),  or the violation of federal law obvious.  *Lyons*, 232 F.3d at 668 (citing *Johnson v. Zenon*, 88 F.3d 828, 830-31 (9th Cir. 1996).

"The mere similarity between a claim of state and federal error is insufficient to establish exhaustion." *Hivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999), *cert. denied*, 529 U.S. 1009 (2000).(citing *Duncan*, 513 U.S. at 366.  "Moreover, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Id.*  (citing *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996)).

As previously noted by the Ninth Circuit, the "failure to comply with the state's rules of evidence is neither a necessary nor a sufficient basis for granting habeas relief. While adherence to state evidentiary rules suggests that the trial was conducted in a procedurally fair manner, it is certainly possible to have a fair trial even when state standards are violated; conversely, state procedural and evidentiary rules may countenance processes that do not comport with fundamental fairness ... The issue for us, always, is whether the state proceedings satisfied due process; the presence or absence of a state law violation is largely beside the point." *Jammal v. Van de Kamp*, 926 F.2d 918 (9th Cir. 1991)(citations omitted).

To fairly present a federal claim, a petitioner must describe both the operative facts and the federal legal theory. *Baldwin*, 541 U.S. at 28.  It is not enough that all of the facts necessary to support the federal claim were before the state court or that a "somewhat similar" state law claim was raised.  *Baldwin*, 541 U.S. at 28 (stating that a reference to ineffective assistance of counsel does not alert the court to federal nature of the claim).  Rather, the habeas petitioner must cite in state court to the specific constitutional guarantee upon which he basis his claim in federal court. *Tamalini v. Stewart*, 249 F.3d 895, 898 (9th Cir. 2001).  Because Petitioner cited solely to Arizona law in support of his challenge to the evidentiary rulings, he has not exhausted a federal

- 14 -

challenge to the ruling.

In this case, the Petitioner failed to apprise the state court of appeals that the violation of which he complained was a violation of federal law. Petitioner did not directly articulate or argue a federal constitutional issue in the opening brief. Petitioner's argument and authority were grounded in state law and procedure and devoid of any express reference to a federal claim, except for the single, conclusory sentence at the end of each argument, devoid of anything more than a general appeal to broad constitutional principles. Because Petitioner did not make any federal basis of the Ground One or Two explicit in his appeal to the state courts, he failed to exhaust these claims.

The Magistrate Judge further concludes that if Petitioner returned to state court and attempted to litigate Ground One or Two, these claims would be found waived and untimely under Rules 32.2(a)(3) and 32.4(a) of the Arizona Rules of Criminal Procedure because they do not fall within an exception to preclusion. *See* Ariz. R.Crim. P. 32.2(b); 32.1(d)-(h). Therefore, Ground One and Two are "technically" exhausted but procedurally defaulted because Petitioner no longer has an available state remedy. *See Coleman*, 501 U.S. at 732, 735 n. 1; *Smith,* 510 F.3d at 1138. Petitioner's right to direct review having been completed, he would have to present these claims to the state courts in a petition for post-conviction relief in order to exhaust the claim. Under Arizona law, notice of post-conviction relief must be filed within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the final order or mandate by the appellate court in the petitioner's first petition for post-conviction relief proceeding. Rule 32.4(a), Ariz.R.Crim.P. If Petitioner were to present these issues in another petition for post-conviction relief, such presentation would be untimely, Rules 32.1 and 32.4(a), and precluded, Rule 32.2. Such a new petition, therefore, would be subject to summary dismissal. *State v. Rosario*, 195 Ariz. 264, 266 (App.1999); *State v. Jones*, 182 Ariz. 432 (App.1995); *Moreno v. Gonzales*, 192 Ariz. 131, 135 (1998) (timeliness is a separate inquiry from preclusion). These claims, therefore, are procedurally defaulted. *Park v. California*, 202 F.3d 1146, 1150-51 (9th Cir.2000)

(federal habeas review is precluded where prisoner has not raised his claim in the state courts and the time for doing so has expired).

Alternatively, Respondent correctly asserts that Petitioner's claim that the trial court erred by admitting into evidence information about the videotapes found at his home is not cognizable in these proceedings because it concerns only issues of state evidentiary law. "[F]ederal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). Generally, a federal court will not entertain allegations of violations of state evidentiary rules. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *see also Swan v. Peterson*, 6 F.3d 1373, 1382 (9th Cir. 1993) ("[A] federal habeas court may not prescribe evidentiary rules for the states. We may grant relief only if there is serious constitutional error"); *Jammal v. Van de Kamp*, 926 F.2d 918, 919 (9th Cir. 1991) ("We are not a state supreme court of errors; we do not review questions of state evidence law"). Federal due process is violated only if there are no permissible inferences to draw from the evidence. *See Jammal*, 926 F.2d at 920 (in federal habeas review, federal court will consider only whether the admission of the evidence in question "so fatally infected the proceedings as to render them fundamentally unfair"). Petitioner's passing reference to his constitutional rights does not transform this claim into a federal claim. *See Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996)(Petitioner may not transform a state-law issue into a federal one merely by asserting a constitutional violation; alleged errors in the application of state law are not cognizable in federal habeas corpus.) Petitioner does not demonstrate that the complained-of evidence documenting his sexually aberrant propensities violated his due process rights by "so fatally infected the proceedings as to render them fundamentally unfair" at his trial for multiple violent sexual assaults. Accordingly, this claim is not cognizable in federal habeas review.

c. Ground Three

Petitioner argues that *Blakely v. Washington*[3] entitles Petitioner to be resentenced because the court relied on a number of aggravating factors, none of which were *Blakely*-exempt.

At sentencing, the trial court found the following aggravating circumstances: 1) the emotional and psychological harm to the victims and their families; 2) that Petitioner committed at least one of the crimes in the presence of a child; 3) that Petitioner had placed the victims in the immediate apprehension of physical harm; 4) that Petitioner had entered private residences to commit sexual assault; and 5) the existence of multiple victims. (Supplemental Answer, Ex. J at 34–37.) The trial court weighed the aggravating and mitigating evidence, and imposed a maximum, consecutive sentence on each count. (*Id.*, at 38-39)

On direct appeal[4], Petitioner argued that the trial court had violated *Blakely* because the trial court imposed an aggravated sentence without a jury's determining any of the aggravating factors. (Answer, Exhibit B at 23–24.) The court of appeals found that the trial court's finding of multiple victims was inherent in the jury's verdicts finding Petitioner guilty of sexually assaulting two women and burglarizing the home of a third. (Answer, Ex. A, ¶ 15) The Arizona Court of Appeals found that the "multiple victims" aggravating factor satisfied the "catch-all" provisions of A.R.S. § 13-702(C)(21) (*Id.*, ¶ 14) In doing so, the court relied upon the decision in *State v. Martinez*, 210 Ariz. 578

---

[3] 542 U.S. 296 (2004).

[4] The relevant state court decision is the last reasoned state decision regarding a claim. *Barker v. Fleming*, 423 F.3d 1085, 1091 (9th Cir. 2005) (citing *Ylst*, 501 U.S. at 803-04); *Insyxiengmay v. Morgan*, 403 F.3d 657, 664 (9th Cir. 2005). Petitioner did not seek review from the court of appeals' decision.

(2005) that "once a jury implicitly or explicitly finds one aggravating factor, a defendant is exposed to a sentencing range that extends to the maximum punishment available under section 13-702." (Answer, Ex. A, ¶ 14) The latter determination was based upon the *Martinez* court's interpretation of the Arizona sentencing scheme, which although it called upon the sentencing judge "to balance all the aggravators and mitigators in determining what sentence to impose," *Martinez*, 210 Ariz. at 584 (citing A.R.S. § 13-702(D)), it also authorized an increase of the presumptive sentence to the maximum "upon a finding of one or more of the aggravating circumstances," *id*. (citing A.R.S. § 13-702(A)). "Thus, a jury finding of a single aggravating factor establishes the facts legally essential to expose the defendant to the maximum sentence prescribed in section 13-702." *Id.*

Under *Blakely*, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Blakely*, 542 U.S. at 301 (quotation marks and citation omitted). Under the applicable Arizona sentencing scheme, if one or more aggravating factors is found, the court may impose an aggravated sentence *State v. Martinez*, 210 Ariz. 578 (2005). Under this sentencing scheme, once a single *Blakely*-compliant aggravating factor is found, a defendant is exposed to the fully aggravated sentencing range and the trial court may consider additional factors relevant to the imposition of a sentence within the statutory sentencing range. A.R.S. § 13-702.  This procedure comports with *Apprendi/Blakey* jurisprudence because the Supreme Court has reaffirmed that trial judges may consider any relevant evidence in determining the appropriate sentence within the applicable statutory range. *Harris v. United States*, 536 U.S. 545, 549 (2002) (stating that "[a]fter the accused is convicted, the judge may impose a sentence within a range provided by statute, basing it on various facts relating to the defendant and the manner in which the offense was committed."). The Ninth Circuit has held in considering a similar sentencing issue under California law that, when there are multiple aggravating factors, the relevant questions is not "what the trial court *would*

have done, but what it legally *could* have done. After one aggravating factor was validly found, the trial court legally *could* have imposed the upper term sentence. That the judge might not have done so in the absence of an additional factor does not implicate the Sixth Amendment, as that consideration concerns only the imposition of a sentence within an authorized statutory range." *Butler v. Curry*, 528 F.3d 624, 648-49 (2008)(emphasis in the original). Though these facts may have a substantial impact on the sentence, they are not elements, and are thus not subject to the Constitution's indictment, jury, and proof requirements. *Apprendi,* 530 U.S. at 481 (explaining that "[w]e should be clear that nothing in [the history of the right to a jury trial] suggests that it is impermissible for judges to exercise discretion--taking into consideration various factors relating both to the offense and offender-- in imposing a judgment within the range prescribed by statute. We have often noted that judges in this country have long exercised discretion of this nature in imposing sentences within the statutory limits in individual cases.").

Accordingly, the state courts' rulings denying relief on Petitioner's Blakely claim are neither contrary to, nor involve an unreasonable application of, clearly established federal constitutional law as announced by the United States Supreme Court. 28 U.S.C. § 2254(d). Accordingly, federal habeas relief is not appropriate. *Id.*

The Magistrate Judge recommends that the District Court, after its independent review, deny this claim on the merits.

**IV.   CONCLUSION**

The Magistrate Judge recommends that the District Court DISMISS Petitioner's Petitions for Writ of Habeas Corpus.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within fourteen days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Fed.R.Civ.P. 72(b). If objections are filed the parties should use the following case number: **CIV 10-0225-TUC-RCC**.

1   　　　　If objections are not timely filed, then the parties' right to *de novo* review by the
2   District Court may be deemed waived.
3   　　　　　　　Dated this 7th day of March, 2012.

*[signature]*
Bernardo P. Velasco
United States Magistrate Judge